R. G. RAMSEY, ADMINISTRATOR OF EDNA RAMSEY, v. STANDARD OIL
COMPANY.

(Filed 20 December, 1923.)

**1. Negligence—Explosives—Evidence—Nonsuit.**

In this action to recover damages for the wrongful death of plaintiff's
intestate caused by an explosion of a certain admixture of kerosene and
gasoline, sold and purchased for good kerosene oil, that would not have
produced the result under the circumstances, there was evidence of
negligence of the defendant through its employees in the distribution
of the admixture, etc., sufficient to take the case to the jury, and defend-
ant's motion as of nonsuit was properly disallowed.

**2. Same—Proximate Cause—Intervening Cause.**

When a dangerous admixture of kerosene and gasoline has been sold
by the defendant through a local merchant as good kerosene oil, and
bought by the husband, who carried it to his wife, and caused the death
of the latter by its explosion, which would not have occurred except
for the extra danger of the admixture, the proximate cause of the death
was the negligence of the defendant in making the sale of the admix-
ture for the more harmless fluid, and not that of an intervening agency,
when both the retailer and the husband who bought it were without
knowledge, actual or constructive, of its more dangerous character.

**3. Experts—Evidence—Findings—Appeal and Error—Objections and Ex-
ceptions.**

When upon the trial a witness is apparently an expert upon the testi-
mony he has given, the appellant may not sustain an exception to the
evidence he has given on the ground that the judge had not found him
to be an expert, it being required that he should have requested the
judge to rule thereon.

APPEAL by defendant from *McElroy, J.,* at September Term, 1923, of
MADISON.

Civil action to recover damages for alleged negligence of defendant,
causing death of plaintiff's intestate.

The evidence on part of plaintiff tended to show that in 1922 defend-
ant company negligently sold to a local merchant in said county, as good
kerosene oil, an admixture of kerosene and gasoline, producing a highly
explosive article; that this merchant, who only dealt in kerosene, acting
under the belief that he was selling that kind of oil, and in entire
ignorance of any admixture, in the usual course of trade, sold a small
quantity to plaintiff, and shortly thereafter, on 21 December, 1922,
when plaintiff's wife, using proper and ordinary precaution, was en-
deavoring to light a fire with said oil, the same, owing to its changed
condition, exploded, setting fire to intestate's clothing and inflicting
severe burns, from which intestate then died.

On part of defendant there was denial of the alleged negligence, a
plea of contributory negligence, etc., and on issues submitted there was

verdict for plaintiff and assessing damages for the wrong and injury. Judgment on the verdict for plaintiff, and defendant excepted and appealed, assigning errors.

*Guy V. Roberts and Mark W. Brown for plaintiff.*
*George M. Pritchard and Martin, Rollins & Wright for defendant.*

HOKE, J.   We have carefully considered the record, and find no valid reason for disturbing the results of the trial.   On the argument before us it was chiefly contended that appellant's motion for nonsuit should have been allowed, but in our opinion the position cannot be maintained. While the testimony tends to show that both kerosene and gasoline were conveyed to the large storage tanks in the county with circumspect care, there are facts in evidence as to defendant's methods in the local distribution of these articles which clearly permit the inference of negligence as the proximate cause of intestate's death; and, further, that these methods seem to have been in violation of the State statutes and the regulations of the Department of Agriculture designed to prevent just such occurrences.   And the jury having accepted this version of the matter, and having found that the wife of plaintiff was in the exercise of proper care at the time, liability for the injury has been thereby established, and appellant's motion for nonsuit was properly disallowed.

And we find nothing which tends to relieve defendant by reason of the fact that the immediate sale was through the intervening act of the local merchant, Len Henderson, or that the purchase was made by the plaintiff himself.   Both seem to have acted in entire ignorance of the conditions presented, and on the facts presented it is the permissible and the more probable inference that primary breach of duty on the part of defendant in carelessly permitting the admixture which resulted in the explosion continued to be the sole proximate cause of the injury. *Balcum v. Johnson,* 177 N. C., 213-216; *Paul v. R. R.,* 170 N. C., 230-233; *Ward v. R. R.,* 161 N. C., 179.

In *Balcum's case, supra,* it is held, among other things: "In order for the act of an intelligent intervening agent to break the sequence of events and protect the author of a primary negligence from liability, it must be an independent, superseding cause, and one that the author of the primary negligence had no reasonable ground to anticipate, and must in itself be negligent or at least culpable."

The exceptions to the rulings of the court on questions of evidence are without merit.   They are chiefly to the testimony of J. B. Rhodes, a witness for plaintiff, and on the ground that he was allowed to testify as an expert without any finding of the court to that effect.   The facts, however, show that the witness was competent as an expert and was testifying to matters particularly within his experience and training as

such; and if defendant desired to challenge the qualifications of the witness in this respect, he should have requested a direct finding of the court on the subject, the authorities being that the exception cannot be maintained on a general objection to the evidence. *Vann v. R. R.,* 182 N. C., 567-569.

The case is very similar to that of *Waters Pierce Oil Co.,* 18 Okl., 107, in which a recovery was had for the injury, and on writ of error to the Supreme Court of the United States, the judgment was sustained. *S. c.,* 212 U. S., 159.

There is no error, and the judgment for plaintiff is affirmed.

No error.