## STATE v. EVERETT CORRIHER.

(Filed 19 December, 1928.)

**1. Criminal Law—Evidence—Materiality and Competency in General.**

Where evidence of the defendant's commitment for lunacy is relevant upon a trial for a homicide, and he has admitted he was committed for lunacy to a State institution, the rule that the State is bound by the defendant's replies to questions as to collateral matters is not violated when within the scope of his admissions.

**2. Evidence—Expert Testimony—Competency of Experts.**

Where a witness has testified as an expert, a general exception to his testimony will not be upheld upon the ground that the court has not ruled upon the question of his qualification as an expert, when he has not been requested to do so by the objecting party.

APPEAL by defendant from *Sink, Special Judge,* at April Term, 1928, of BUNCOMBE. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Robert R. Reynolds and W. A. Sullivan for defendant.*

ADAMS, J. The defendant was indicted for the murder of William Sumter Carpenter, and was convicted of murder in the second degree. He excepted to the judgment and appealed upon assignments of error.

The first assignment includes exceptions to questions asked the defendant in reference to his previous commitment to the State Hospital in Raleigh. He admitted that he had been committed to "Dix Hill," but denied that he knew anything concerning a paper purporting to be the commitment. The fact that in framing the question the prosecuting officer read the paper affords no ground for a new trial; the contents of the paper were not proved or admitted in evidence. As to the inquisition of lunacy the defendant answered, "They did not say anything to me about it." By this cross-examination no material fact was elicited which the defendant had not previously admitted, and there was no offense against the well-known rule that as to collateral matters the State was bound by the defendant's answer.

Doctor Edwards, a witness for the defendant, was asked on cross-examination whether the defendant, when under the influence of liquor, was a violent and dangerous man, but his answer was negative and could not have been prejudicial. He was then asked the following question: "If the jury should find from the evidence that the bullet entered the deceased at or near the waist-band and came out near the

groin and went diagonally across through the abdomen, I will ask you to state to the jury what in your opinion was the relative position of the deceased at the time the wound was made by the pistol?" He answered, "Either standing up or bent over, not sitting down." The ground of the defendant's exception does not appear in the record, but in the brief it is said to be that the witness had not qualified as an expert. It was held in *Ramsey v. Oil Co.*, 186 N. C., 739, that an exception of this kind cannot be maintained on a general objection to the evidence when the facts show that a witness, competent as an expert, is testifying as to matters within his experience and training and that a direct finding by the court whether he is an expert should be requested. Besides this, the evidence, instead of being hostile to the defendant, tended to support his plea of self-defense. We find no error in the record.

No error.