WOODROW CALAHAN, BY HIS NEXT FRIEND, J. H. CALAHAN, v. TOM ROBERTS AND WIFE, ELIZABETH ROBERTS.

(Filed 20 November, 1935.)

**Master and Servant F a—Where complaint alleges that defendants were not operating under Compensation Act, demurrer on ground that Industrial Commission has exclusive jurisdiction is bad.**

Where the complaint alleges that defendants employed more than eight employees, but that defendants were not operating under the Workmen's Compensation Act, a demurrer on the ground that it appeared upon the face of the complaint that the case is within the exclusive jurisdiction of the Industrial Commission should be overruled, since plaintiff may offer evidence under the allegations of the complaint that the employers and employees had exempted themselves for the operation of the act under the provisions of secs. 8081 (l), (v), (x), notwithstanding the provisions of sec. 8081 (k).

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Phillips, J.,* at July Term, 1935, of MITCHELL. Reversed.

*Watson & Fouts and M. L. Wilson for plaintiff, appellant.*
*W. C. Berry and Charles Hutchins for defendants, appellees.*

SCHENCK, J. In this action, instituted to recover damages for personal injuries alleged to have been proximately caused by the negligence of the servant and agent of the defendants, the plaintiff alleged that the defendants employed from "nine to thirty-five men as laborers in the operation" of their sawmill, whereupon the defendants demurred to the jurisdiction of the court on the ground that it appeared from the face of the complaint that the case was cognizable by the North Carolina Industrial Commission. The court sustained the demurrer and plaintiff excepted and appealed to the Supreme Court.

Paragraph 6th of the complaint, in part, is as follows: "That as plaintiff is advised, informed, and now alleges, the defendants, at the time of the injuries complained of, and for more than six months prior thereto, were not operating under the Workmen's Compensation Act. . . ."

Notwithstanding C. S., 8081 (k), provides that employers and employees shall be presumed to have accepted the provisions of the North Carolina Workmen's Compensation Act, there are provisions in the act whereby employers, as well as employees, may except themselves from the operation thereof, C. S., 8081 (l), 8081 (v), 8081 (x), and other sections, and the presumption of acceptance may be rebutted by the proof

of nonacceptance, and the plaintiff has laid the foundation for such proof by alleging that the "defendants . . . were not operating under the Workmen's Compensation Act." We think this allegation was sufficient to carry the case to the jury, and that his Honor erred in sustaining the demurrer.

Reversed.

DEVIN, J., took no part in the consideration or decision of this case.