ROBERT REYNOLDS v. JOHN S. MURPH, TRADING AS BUILDING SPE-CIALTY COMPANY, AND J. R. FORDHAM, TRADING AS J. R. FORDHAM SERVICE STATION.

(Filed 3 November, 1954.)

**1. Negligence § 3—**

Violation of a statute, or ordinance of a city or town, relating to the storage or handling of gasoline, is negligence *per se*, but in order to be actionable such violation must be the proximate cause of the injury in suit, including the essential element of foreseeability.

**2. Negligence § 1—**

The general rule is that the violation of a statute enacted for the safety and protection of the public constitutes negligence *per se*, *a fortiori*, when such violation is in itself a criminal offense.

**3. Negligence § 9—**

Foreseeability is an essential element of proximate cause, even when the negligence complained of is a violation of a safety statute.

**4. Negligence § 16—**

Where the complaint alleges that the violation of a safety statute was the proximate cause of plaintiff's injuries, it is sufficient as against demurrer without particular allegation as to foreseeability, unless it appears affirmatively from the complaint that there was no causal connection between the negligence and the injury.

**5. Negligence §§ 3, 6—Allegations held sufficient to allege concurrent negligence of defendants in failing to label jug of gasoline.**

The complaint alleged that one defendant sold to the other defendant a one-gallon jug of white gasoline for cleaning purposes, that the jug had no label or warning of its contents, that while the gasoline was being transported in the back of the purchaser's truck and while the truck was parked on a street, some person placed a blowtorch in close proximity to the jug, that the jug exploded, burning plaintiff, who was standing some 15 or 20 feet from the truck, and that the injuries were proximately caused by the concurrent negligence of defendants in violating G.S. 119-43. The complaint further alleged on information and belief that the unknown person would not have placed the blowtorch in close proximity to the jug if it had been labeled or marked as required by law. *Held:* The complaint is sufficient to state a cause of action against each defendant, both as to negligence, and also as to proximate cause, since it cannot be adjudicated as a matter of law that an injury such as that received by plaintiff was unforeseeable as a result of the violations of the statute.

**6. Pleadings § 15—**

A demurrer admits facts alleged upon information and belief as well as facts alleged on personal knowledge. Whether the plaintiff can prove such allegations upon the trial is irrelevant to the question posed by demurrer.

APPEAL by defendants from *Williams, J.,* August 23rd Term, 1954, of LENOIR. Affirmed.

The complaint, in substance, alleges:

1. Defendants were engaged in business in Kinston. Murph traded under the name of Building Specialty Company. Fordham traded under the name of J. R. Fordham Service Station.

2. On 21 August, 1953, Murph, through named employees, acting as his agents, purchased from Fordham, or one of his employees, acting as his agent, for use in the cleaning of floors on a job contracted by Murph and on which said employees were working, one gallon of white gasoline; and Fordham, or one of his employees, acting as his agent, sold to Murph's

said employees, with knowledge of the purpose for which the purchase was made, the said one gallon of white gasoline.

3. Murph purchased and received, and Fordham sold and delivered, the one gallon of white gasoline "in a one gallon clear glass small neck jug" which did not have upon it the word "Gasoline" in any form whatever or any other word or words to indicate the contents of said jug and did not have the words "Unsafe when exposed to heat or fire" upon any label or elsewhere on said jug, in violation of G.S. 119-43.

4. Murph's said employees placed said jug, containing one gallon of white gasoline, in the rear of Murph's pick-up truck, and in their use and operation of said truck parked it on a street in Kinston, near the curb, with the jug of white gasoline still sitting in the body of the truck.

5. "10. That at or about 11 A.M. o'clock on the 21st day of August 1953, a person whose identity is unknown to the plaintiff placed a blowtorch in close proximity to said jug of gasoline, which said blowtorch the plaintiff is advised, informed, believes and so alleges was either hot or still in operation. That the plaintiff is advised, informed, believes and so alleges that the person who put the blowtorch near the jug of gasoline was unaware of the contents of the said jug, which had the appearance of water or some other harmless liquid, and accordingly was unaware of the danger in placing said blowtorch near said jug of gasoline. That the plaintiff is advised, informed, believes and so alleges that had the jug of gasoline been labeled or marked as by law provided said person would have been made aware of the contents of said jug and accordingly of the danger of exposing the same to heat or fire and would not have placed the blowtorch in such close and dangerous proximity to the jug of gasoline."

6. "11. That the jug of gasoline was ignited by the heat or fire from said blowtorch, exploded violently and set afire the plaintiff, who was standing about fifteen or twenty feet from said truck, seriously and permanently injuring the plaintiff in the manner and to the extent hereinafter set out."

7. "12. That the acts of the defendants as hereinbefore set out were wrongful, careless and unlawful and constituted negligence, which said acts of negligence, acting together, in severalty and each defendant's acts of negligence concurring with the other defendant's acts of negligence, were the direct and proximate cause of the gasoline explosion hereinbefore referred to and of the injuries suffered by the plaintiff as a result thereof as hereinafter alleged."

Further allegations relate to the extent of plaintiff's injuries and damages.

Each defendant demurred to the complaint on the ground that the facts alleged therein are not sufficient to constitute a cause of action. The court below overruled the demurrers. Each defendant excepted and appealed.

*Owens & Langley for plaintiff, appellee.*

*Barden, Stith & McCotter, John G. Dawson, and LaRoque, Allen & Parrott for defendant John S. Murph, appellant.*

*White & Aycock and Whitaker & Jeffress for defendant J. R. Fordham, appellant.*

BOBBITT, J.   Plaintiff bases his cause of action squarely and solely upon the alleged violation by each defendant of Ch. 425, Sec. 26, Public Laws of 1937, which, as amended, is now codified in G.S. 119-43 and provides as follows:

"Sec. 119-43.  *Display required on containers used in making deliveries.* —Every person delivering at wholesale or retail any gasoline in this State shall deliver the same to the purchaser only in tanks, barrels, casks, cans, or other containers having the word 'Gasoline' or the name of such other like products of petroleum, as the case may be, in English, plainly stenciled or labeled in colors to meet the requirements of the regulations adopted by the Commissioner of Agriculture and/or the Gasoline and Oil Inspection Board.  Such dealers shall not deliver kerosene oil in any barrel, cask, can, or other container which has not been stenciled or labeled as hereinbefore provided.  Every person purchasing gasoline for use or sale shall procure and keep the same only in tanks, barrels, casks, cans, or other containers stenciled or labeled as hereinbefore provided: Provided, that nothing in this section shall prohibit the delivery of gasoline by hose or pipe from a tank directly into the tank of any automobile or any other motor vehicle: Provided further, that in case gasoline or other inflammable liquid is sold in bottles, cans, or packages of not more than one gallon for cleaning and other similar purposes, the label shall also bear the words 'Unsafe when exposed to heat or fire.' "

Violation of the above statute is a misdemeanor.  G.S. 119-51.

The facts alleged in the complaint, deemed admitted by the demurrers, are such as to constitute a violation by each defendant of the requirements of G.S. 119-43.

Violation of a statute, or ordinance of a city or town, relating to the storage, handling and distribution of gasoline, is negligence *per se.  Stone v. Texas Co.,* 180 N.C. 546, 105 S.E. 425, 12 A.L.R. 1297; *Newton v. Texas Co.,* 180 N.C. 561, 105 S.E. 433.  This is the rule generally as to statutes enacted for the safety and protection of the public; *a fortiori,* when such violation in itself is a criminal offense.  *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331.  In such case, the sole question is whether such negligence (or wrong) was the proximate cause of the injury for which recovery is sought.

True, proximate cause, even when the violation of such statute is the negligence involved, includes foreseeability as one of its elements.  *Ald-*

*ridge v. Hasty, supra.* But when such negligence is alleged to have been the proximate cause of plaintiff's injury, this is sufficient, as against demurrer, unless it appears affirmatively from the complaint that there was no causal connection between the alleged negligence and the injury.

The complaint here negatives any inference of negligence on the part of the person who put the blowtorch in close proximity to the unmarked jug containing the white gasoline. The explicit allegation is that he was unaware of the contents of such jug, said contents having the appearance of water or other harmless liquid, and that he would not have so placed the blowtorch had he been warned by label or other marking on the jug giving notice of the fact that the jug contained gasoline. These allegations, together with the general allegations as to proximate cause, deemed admitted by the demurrers, and the allegations as to negligence, are sufficient to constitute a cause of action against each defendant.

It is well established that the tort-feasor charged need not foresee the particular consequences ultimately resulting from his negligence, but only that by the exercise of due care he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected. *Hall v. Coble Dairies,* 234 N.C. 206, 67 S.E. 2d 63. As to those who violate a statute, such as that under consideration here, designed to prevent tragic consequences flowing from a failure to label or otherwise identify a dangerous and explosive, yet apparently harmless, liquid, we cannot say as a matter of law that, in a legal sense, an injury such as that received by plaintiff was unforeseeable. *Ramsey v. Oil Co.,* 186 N.C. 739, 120 S.E. 331; *Kentucky Independent Oil Co. v. Schnitzler,* 271 S.W. 570; *Bradley v. Fowler* (S.C.), 42 S.E. 2d 234; Annotation, 17 A.L.R. 698 *et seq.* Rather, under the allegations here, it would appear that such injury was unforeseeable by the man with the blowtorch.

In accord, in relation to similar statutes, are decisions in other jurisdictions including *Farrell v. Miller Co.* (Minn.), 179 N.W. 566, and *Stone v. Refining Co.* (Mich.), 196 N.W. 339.

We are dealing here only with the sufficiency of the plaintiff's pleading; and we notice, of course, that the facts as to the acts, observations and unawareness of danger of the man with the blowtorch are alleged upon information and belief. Even so, positive allegations of fact, upon information and belief, as well as such allegations made on personal knowledge, when denied, raise issues of fact determinable by jury. *Linker v. Linker,* 167 N.C. 651, 83 S.E. 736; *Calahan v. Roberts,* 208 N.C. 768, 182 S.E. 657. We note that the complaint is verified, the form of such verification being prescribed by G.S. 1-145.

The fact that it is alleged that the identity of the man with the blowtorch is unknown to plaintiff does not impair such allegations. We are

not now concerned with the source of plaintiff's information or the basis of his belief. He has made his allegations. He must offer competent evidence to prove his case, *secundum allegata.* If the identity of the man with the blowtorch remains unknown to plaintiff, he may encounter difficulty in establishing that the alleged violation of G.S. 119-43 was the proximate cause or one of the proximate causes of his injury. But that question is not now before us.

For the reasons stated, the judgment overruling the demurrers is

Affirmed.