CARL R. GRAY v. JESSE B. CLARK AND WIFE, JEANNE W. CLARK

No. 7026SC415

(Filed 26 August 1970)

1. Animals § 2; Municipal Corporations § 37— ordinance making it unlawful to keep dog which habitually chases persons and vehicles — validity

Ordinance of the City of Charlotte making it unlawful to keep within the city a dog which habitually or repeatedly chases, snaps at, attacks or barks at pedestrians, bicycles or vehicles was a valid exercise of the city's police power.

2. Animals § 2— collision between dog and motorcycle — violation of municipal ordinance in keeping dog which chases vehicle — negligence — proximate cause

In this action for personal injuries resulting from a collision between a dog owned by defendants and a motorcycle operated by plaintiff, plaintiff's evidence presented jury questions as to whether defendants violated a municipal ordinance making it unlawful to keep within the municipality any dog which habitually or repeatedly chases, snaps at, attacks or barks at pedestrians, bicycles or vehicles, which would be negligence *per se,* and whether such violation was a proximate cause of plaintiff's injuries.

APPEAL from *Jackson, J.,* 9 March 1970 Schedule "A" Civil Jury Session, MECKLENBURG Superior Court.

This action was instituted by the plaintiff, Carl R. Gray, to recover damages for personal injuries allegedly sustained as the result of a collision between a dog owned by the defendants, Jesse B. Clark and wife, Jeanne W. Clark, and a motorcycle being driven by Gray.

The plaintiff alleged and offered evidence tending to show that about six o'clock p.m. on 9 September 1966, while riding his neighbor's motorcycle on Galway Drive near the defendants' home within the corporate limits of the City of Charlotte, the defendants' dog ran into and upset the motorcycle causing severe personal injuries to the plaintiff. The plaintiff alleged, among other things, that the defendants were negligent in that they violated Section 3-22 of the Code of the City of Charlotte which required certain dogs to be kept under restraint, and that such violation on the part of the defendants was the proximate cause of the collision between the motorcycle being operated by the plaintiff and the defendants' dog, and the resulting injuries to plaintiff.

The defendants answered denying negligence and alleged contributory negligence upon the part of the plaintiff, and alleged that Section 3-22 of the Code of the City of Charlotte was ". . . unconstitutional and beyond the power granted by the Legislature of North Carolina to the City of Charlotte, vague, and not an ordinance creating a standard of care such as would impose civil liability on these defendants as to the plaintiff."

At the close of all the evidence the defendants' motion for a directed verdict was allowed and the court entered judgment, in pertinent part, as follows:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion of the defendants for a directed verdict be allowed, the court holding as a matter of law that the plaintiff has failed to introduce evidence of negligence on the part of the defendants proximately causing his injuries, that the plaintiff have and recover nothing of the defendants in this action and that the same be dismissed, and that the costs of this action be taxed against the plaintiff."

From the entry of the judgment, the plaintiff appealed to the Court of Appeals.

*Don Davis for the plaintiff appellant.*

*Carpenter, Golding, Crews and Meekins, by John G. Golding, for the defendant appellees.*

HEDRICK, J.

The sole question presented on this appeal is whether there was sufficient evidence of the defendants' negligence to require

the submission of the case to the jury over the defendants' motion for a directed verdict.

In *Sink v. Moore* and *Hall v. Moore*, 267 N.C. 344, 148 S.E. 2d 265 (1966), our Supreme Court held that evidence that a small dog frequently dashed into the street to bark at and pursue motorcycles, automobiles, and other noisy vehicles was not sufficient to justify classifying him as a "vicious" animal and did not make him "a menace to the public health," within the meaning of G.S. 106-381. The Court pointed out, however, that the accident there involved occurred outside the corporate limits and that no municipal ordinance requiring dogs to be kept under restraint was involved.

Section 3-22 of the Code of the City of Charlotte, introduced into evidence by the plaintiff, provides:

### "ACTS DEEMED PUBLIC NUISANCE

It shall be unlawful for any dog owner to keep or have within the City a dog which habitually or repeatedly chases, snaps at, attacks or barks at pedestrians, bicycles or vehicles or turns over garbage pails or damages gardens, flowers or vegetables, or conducts itself so as to be a public nuisance or permits a female dog to run at large during the erotic stage of copulation."

In *State v. Harrell*, 203 N.C. 210, 165 S.E. 551 (1932), we find the following:

"In Vol. 3 (2d ed.), sec. 1004, McQuillan on Municipal Corporations, is found, the law in regard to the Regulation of Dogs, as follows: 'To safeguard and promote the public health, safety and convenience municipal power to regulate the keeping and licensing of dogs within the corporate area is generally recognized. Accordingly ordinances regulating dogs and requiring them to be registered and licensed, and at times muzzled and prevented from going at large, are within the police powers usually conferred upon the local corporation. Such ordinances are authorized by virtue of general powers and the usual general welfare clause. . . .' "

[1]   From the foregoing, it appears that the City of Charlotte had the authority to pass an ordinance regulating the keeping and licensing of dogs and that Section 3-22 of the Code of the City of Charlotte is within the police power of the municipality.

In *Bell v. Page*, 271 N.C. 396, 156 S.E. 2d 711 (1967), Bobbitt, J., now C.J., speaking for the Court, said:

"The violation of a municipal ordinance imposing a public duty and designed for the protection of life and limb is negligence *per se*. However, to impose liability therefor it must be established that such violation proximately caused the alleged injury. . . ."

See also *Reynolds v. Murph,* 241 N.C. 60, 84 S.E. 2d 273 (1954) ; *Lutz Industries, Inc. v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333 (1955) ; 38 Am. Jur., Negligence, sec. 158.

The plaintiff testified : ". . . as I came up to approximately the front or just before I got to the front of Mrs. Clark's house (I know where Mr. and Mrs. Clarks' house is now) a dog ran at my right leg and tried to bite at it. It barked at it. I jerked my right leg up and he darted off to the right, then darted right back in front and hit the front wheel. When he hit the front wheel that knocked the front wheel over to the left and threw the bike over on my right leg and threw me into the street, approximately the middle of the street."

Jimmie K. Price, a witness for the plaintiff, testified that on two occasions prior to the date of the plaintiff's accident, while riding by the defendants' home on his motorcycle, he was chased by the same dog.

Edward Thompson testified for the plaintiff that he had gone down Galway Drive on his motorcycle prior to the collision involved in this case, and that he had been chased several times by a dog which he described as being similar to Bubba, the defendants' dog.

The defendant, Jesse B. Clark, by adverse examination, stated that he was the owner of a black and white or brown and white bird dog at the time of the accident.

Mrs. Clark, on direct examination, testified that their dog, Bubba, was involved in the collision and that she told the plaintiff, after he got out of the hospital, that they had to have the dog put to sleep.

[2] We hold that the evidence, when considered in its light most favorable to the plaintiff, is sufficient to raise an inference that the defendants violated Section 3-22 of the Code of the City of Charlotte by keeping within the corporate limits of the municipality a dog which habitually or repeatedly chased, snapped at, attacked or barked at pedestrians, bicycles or vehicles, and that such violation was a proximate cause of the injuries sustained

by the plaintiff as a result of the collision between the defendants' dog, Bubba, and the motorcycle being ridden and operated by the plaintiff. For the reasons stated, the judgment allowing the defendants' motion for a directed verdict is reversed.

Reversed.

MALLARD, C.J., and PARKER, J., concur.