ROBERT L. SWANEY INDIVIDUALLY AND ROBERT L. SWANEY AS GUARDIAN AD LITEM FOR JANE C. SWANEY, MINOR v. WILLIAM A. SHAW

No. 7526SC511

(Filed 3 December 1975)

Animals § 2— child bitten by dog — statute requiring confinement of vicious animals — failure to instruct

In an action to recover damages and medical expenses for injuries received by minor plaintiff when she was bitten by defendant's dog, the trial court erred in failing to instruct the jury with respect to the statute requiring the confinement or leashing of vicious animals, G.S. 106-381, where plaintiff's evidence tended to show that the dog had previously bitten other children, that the dog would bark and growl at persons going near it, that persons going to defendant's home were afraid to get out of their car because of defendant's dogs, that defendant knew of the vicious propensities of the dog, and that the dog was not confined by a fence or tied but was allowed to roam freely.

APPEAL by plaintiffs from *Chess, Judge.* Judgment entered 6 February 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 14 October 1975.

This is a civil action wherein the plaintiffs, Robert L. Swaney, individually and as guardian ad litem for Jane C. Swaney, his minor daughter, are seeking to recover damages and medical expenses from the defendant, William A. Shaw, allegedly resulting from the minor plaintiff having been bitten by defendant's dog. Plaintiffs requested a jury trial. From a verdict in defendant's favor and judgment entered that plaintiffs recover nothing, plaintiffs appealed.

*Winstein, Sturges, Odom, Bigger and Jonas by T. LaFontine Odom for plaintiff appellants.*

*Caudle, Underwood & Kinsey by C. Ralph Kinsey, Jr., and Lloyd C. Caudle, for defendant appellee.*

Swaney v. Shaw

HEDRICK, Judge.

The only question requiring discussion raised by the plaintiffs' assignments of error is whether the court sufficiently declared and explained the law arising on the evidence given in the case as provided in G.S. 1A-1, Rule 51(a).

In their complaint the plaintiffs, in pertinent part, alleged:

"3. On January 17, 1971, and prior thereto, defendants were the owners and keepers of two German Shepherd dogs, known as Duchess and Fritz on and about their premises on Garrison Road in the County of Mecklenburg, State of North Carolina.

4. On January 17, 1971, and prior thereto, defendants knew or in the exercise of due care, should have known that said dogs had on many occasions prior to January 17, 1974, growled at children in the defendants' neighborhood on or about Garrison Road, had barked at children in the neighborhood, and had chased children who were on foot and on bicycles in their neighborhood, had been allowed to go about unrestrained and allowed to roam freely in the neighborhood, had on many occasions engaged in fights with other dogs in the neighborhood, had tried to bite children on many occasions, and in fact, had bitten children prior to January 17, 1971.

5. On January 17, 1971 and prior thereto, defendants knew from their dogs' past conduct, that said dogs and each of them were likely, if not restrained, to inflict personal injuries to a child or other person in their neighborhood; the defendants on January 17, 1971, and prior thereto, knew that their two dogs, and each of them, was dangerous, vicious, mischievous and ferocious; said defendants were familiar with said dogs' vicious propensity, character and habits.

6. On January 17, 1971, and prior thereto, the defendants with knowledge of the said two dogs' vicious propensities, and with knowledge of said dogs' unrestrained freedom creating a menace to the public health, continued to harbour such dogs and continued to permit said dogs to leave the defendants' premises without being on a leash and in the care of a responsible person, all in violation of N.C.G.S. 106-381.

\*   \*   \*

9. On January 17, 1971, plaintiff, Robert L. Swaney, was the father of Jane C. Swaney, a minor who was born April 19, 1963.

10. On January 17, 1971, Jane C. Swaney was playing in a neighbor's yard on Garrison Road, Mecklenburg County, State of North Carolina, with her older brother and another boy; on said occasion, Jane C. Swaney, walked or ran, within about 10 feet, by one of the defendants' dogs as heretofore described, when suddenly and without warning and without any provocation, said dog, belonging to the defendants, lunged at Jane C. Swaney, knocked her to the ground, repeatedly bit her on and about her face and other parts of her body, tearing away portions of her facial tissues, fracturing her left cheekbone, nose and portions of the interior of her mouth, inflicting serious and permanent injuries to the person of Jane C. Swaney."

At trial the plaintiffs offered evidence tending to show the following:

The plaintiffs and defendant live on Garrison Road, in a residential section of Mecklenburg County. On 17 January 1971, the minor plaintiff, Jane Swaney, seven years of age, was playing with her brother Doug and Dale Rushing in the Rushings' yard, which is also on Garrison Road, approximately a quarter to a half mile up from the Shaws and eight hundred yards down from the Swaneys. The defendant owned two German Shepherd dogs, Fritz and Astor. On 17 January, Fritz had followed one of the defendant's children, Rocky, into the Rushings' yard, and was "laying down near the house." There were several other children playing at the Rushings on their basketball court. Jane, Doug, and Dale had been playing "keep away" about fifteen feet from the dog when Jane stopped playing and started to go into the house to get some water. She was about ten feet from Fritz when the dog, without warning, attacked her. Jane had not done anything to Fritz. Fritz knocked Jane down and straddled her. He bit her on the face inflicting severe lacerations over the face, torn tissues and a fracture of the nose. Jane's brother Robby, who was playing on the basketball court, heard Jane's screams and ran over to her. He had to pull Fritz off of her. Because of her wounds, she was hospitalized and later had to undergo plastic surgery.

Plaintiffs offered, in addition, testimony by Grady Dale Rushing that, prior to 17 January, one of the Shaws' two dogs had bitten him once and torn his pants leg. He testified that when he went to the Shaws' house the dogs "would bark and growl" at him and "nip" at him. When he went with people in an automobile to the Shaws' house, no one would get out of the car for fear of the dogs. Instead, they would blow the horn and wait for someone to come out of the house.

Doug Swaney testified that prior to 17 January the dogs chased him on his bike and once Fritz had nipped his leg and torn his pants. When he was in a car which was driven to the Shaws, he likewise would blow the horn and wait for someone to come out because of fear of the dogs.

Eva Swaney, the minor plaintiff's mother, testified that the bite on Doug's leg had broken the skin and she had called and talked with Mr. Shaw about the dog bite and had inquired whether the dogs had been vaccinated. Also prior to 17 January, she had complained on several occasions to the Shaws' son, Rocky, about the dog, and had asked him to not let the dog come up the street to their house. Fritz often fought other dogs around the Swaneys' home, and the Swaneys feared that someone would get hurt.

Rocky Shaw testified that his father had no fence in which to contain the dogs, either before or after the incident on 17 January, nor had he ever seen his father tie up Fritz. Instead Fritz had been free to roam and would follow Rocky when he went off up the street.

While the judge correctly undertook to declare and explain the law arising on the evidence given in the case with respect to the common law rule of keeping and maintaining a domestic animal which the defendant knew, or by the exercise of ordinary care should have known, was of vicious propensity, we need not discuss the adequacy of this instruction, since a more significant and prejudicial error is apparent in the court's failure and refusal to instruct the jury with respect to G.S. 106-381, which provides:

> *Confinement or leashing of vicious animals.*—When an animal becomes vicious or a menace to the public health, the owner of such animal or person harboring such animal shall not permit such animal to leave the premises on

which kept unless on leash in the care of a responsible person.

"The violation of a statute which imposes a duty upon the defendant in order to promote the safety of others, including the plaintiff, is negligence *per se,* unless the statute, itself, otherwise provides . . . . " *Ratliffe v. Power Co.,* 268 N.C. 605, 610, 151 S.E. 2d 641, 645 (1966). *Accord, Gray v. Clark,* 9 N.C. App. 319, 176 S.E. 2d 16 (1970), *cert. denied* 277 N.C. 351 (1970).

"[W]here a statute or municipal ordinance imposes upon any person a specific duty for the protection or benefit of others, if he neglects to perform that duty, he is liable to those for whose protection or benefit it was imposed for any injuries or damage of the character which the statute or ordinance was designed to prevent, and which was proximately produced by such neglect, provided the injured party is free from contributory negligence." *Carr v. Transfer Co.,* 262 N.C. 550, 553, 138 S.E. 2d 228, 231 (1964).

It seems clear that G.S. 106-381 was enacted for the specific purpose of protecting the public from dogs which have become vicious or a menace to public health. When the evidence in the present case is considered in the light most favorable to the plaintiffs, it is sufficient, in our opinion, to raise an inference that the defendant violated the statute by letting his dog, Fritz, which had become vicious or a menace to the public health, to leave the premises on which kept, without being on a leash and in the care of a responsible person, and that as a direct and proximate result of the defendant's violation of the statute, the defendant's dog, Fritz, attacked and bit the minor plaintiff causing the injuries and damages herein complained of.

Because the court failed to declare and explain the law arising on the evidence given in the case with respect to the evidence tending to show that the defendant violated G.S. 106-381, the plaintiffs are entitled to a new trial.

New trial.

Chief Judge BROCK and Judge CLARK concur.