AMJAD AL-HOURANI Administrator of the Estate of Walid Al-Hourani v. LEEANN ASHLEY and TAYLOR OIL COMPANY, a Corporation

No. COA96-580

(Filed 17 June 1997)

**1. Negligence § 21 (NCI4th)— gasoline—sale into illegal container—intervening criminal acts—negligence insulated**

The criminal actions of two customers in carrying gasoline from defendants' service station premises and using it to douse and burn plaintiff's intestate were intervening actions which insulated alleged negligence by defendant service station cashier and defendant owner in selling gasoline into an illegal container in violation of N.C.G.S. § 119-43.

**Am Jur 2d, Negligence §§ 625, 790, 791.**

**2. Appeal and Error § 342 (NCI4th)— appellee—cross-assignment—no alternative basis**

Defendant appellee's cross-assignment of error was not properly before the Court of Appeals where defendant did not assert

an alternative basis to support the dismissal of plaintiff's actions as required by N.C. R. App. P. 10(d).

**Am Jur 2d, Appellate Review § 332.**

Appeal by plaintiff from order entered 12 December 1995 by Judge J.B. Allen, Jr., in Wake County Superior Court. Heard in the Court of Appeals 17 February 1997.

On 13 April 1995 plaintiff, administrator of his brother's estate, filed a wrongful death suit against defendants for the death of his brother, Walid Al-Hourani, alleging, in pertinent part:

7. Plaintiff is informed, believes, and therefore alleges that on April 13, 1993, at or about 2:00 p.m., defendant Leeann Ashley was working for defendant Taylor Oil Company as a cashier at an ETNA gasoline service station, owned and operated by defendant Taylor Oil Company in Rocky Mount, North Carolina.

8. Plaintiff is informed, believes, and therefore alleges that on the date and time above defendant Leeann Ashley turned on the pumping mechanism and sold approximately $.95 cents worth of gasoline to two men, Lorenza [sic] Norwood and Herbert Joyner, who dispensed the gasoline into a plastic antifreeze container; that defendant Leeann Ashley knew, or should have known, that this act violated the laws of the State of North Carolina, and that she had, at that time, the means at her disposal to shut off the gasoline pump and prevent the two men from filling the unlawful container with gasoline.

9. That because the defendants delivered gasoline to these two men in an illegal container, the men were able to take the gasoline directly to and enter the Honolulu Market one door down the street and use the gasoline to douse plaintiff's intestate, Walid Al-Hourani, who was working at the market, and then set him on fire.

10. That Taylor Oil Company was negligent in that it failed to properly train, educate, and supervise its employee, Leeann Ashley, to ensure compliance with North Carolina law forbidding the sale of gasoline into unapproved containers.

Plaintiff further alleged that defendants violated N.C. Gen. Stat. § 119-43 (1994), as well as §§ 901.3 and 907.4.1 of the North Carolina Fire Prevention Code, thus creating "a dangerous situation which

endangered the lives of others, and against which the safety statutes of North Carolina were designed to protect."

Plaintiff finally alleged that "as a direct and proximate result of the aforesaid acts of negligence," his brother suffered severe burns resulting in "extreme pain of body and mind," and ultimately death. Plaintiff prayed for compensatory damages for hospital, medical, funeral, and burial expenses.

Defendants answered and moved to dismiss the case for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Both parties submitted briefs to the trial court, and after a hearing, Judge J.B. Allen, Jr., granted defendants' motion to dismiss. Plaintiff appeals.

*Karl E. Knudsen for plaintiff appellant.*

*Patterson, Dilthey, Clay & Bryson, L.L.P., by Mary M. McHugh and Edward Hausle, for defendant appellees.*

ARNOLD, Chief Judge.

[1] The sole issue on appeal is whether the trial court correctly granted defendants' motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. *See* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990). We find that the dismissal was proper.

"The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient." *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 263-64, 257 S.E.2d 50, 54 (citation omitted), *disc. review denied*, 298 N.C. 296, 259 S.E.2d 301 (1979). A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint. *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970). Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some fact that necessarily defeats the claim. *Id.* at 102-03, 176 S.E.2d at 166.

Defendants contend that the criminal actions of Lorenzo Norwood and Herbert Joyner in carrying the gasoline off defendants' premises and using it to burn plaintiff's brother were intervening and insulating actions creating an insurmountable bar to plaintiff's recovery from defendants. We agree.

"Generally, whether the negligence of a second actor insulated that of another is a question for the jury." *Broadway v. Blythe Industries, Inc.*, 313 N.C. 150, 157, 326 S.E.2d 266, 271 (1985). However, if it affirmatively appears upon the face of the complaint that the alleged negligence "was superseded and completely insulated by the intervening negligence," dismissal pursuant to Rule 12(b)(6) may be proper. *See Riddle v. Artis*, 243 N.C. 668, 670, 91 S.E.2d 894, 896 (1956).

An intervening cause that relieves the original wrongdoer of liability must be an independent force that "turns aside the natural sequence of events set in motion by the original wrongdoer 'and produces a result which would not otherwise have followed, and which could not have been reasonably anticipated.' " *Id.* at 671, 91 S.E.2d at 896 (citation omitted). " 'The test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury.' " *Id.*, 91 S.E.2d at 896-97 (citation omitted). Undoubtedly, the subsequent criminal acts of those purchasing the gasoline in this case were reasonably unforeseeable by defendants.

Nevertheless, plaintiff argues that defendants' acts were not insulated because it was reasonably foreseeable that *some* injury would result from the act of selling gasoline in an unapproved container. Plaintiff relies on the following standard:

"All that the plaintiff is required to prove on the question of foreseeability, in determining proximate cause, is that in 'the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might have been expected.' "

*Riddle*, 243 N.C. at 672, 91 S.E.2d at 897 (citations omitted). We find, however, that the injury in this case did not *result from* defendants' alleged negligent act of selling gasoline into an unapproved container.

The safety provisions requiring that gasoline be sold only into approved and labeled containers, *see* N.C. Gen. Stat. § 119-43 (1994); N.C. Fire Prevention Code §§ 901.3, 907.4.1, were enacted to prevent various injuries possible from the improper storage of a highly flammable and dangerous material. *See Reynolds v. Murph*, 241 N.C. 60,

64, 84 S.E.2d 273, 276 (1954) (holding that G.S. § 119-43 was "designed to prevent tragic consequences flowing from a failure to label or otherwise identify a dangerous and explosive, yet apparently harmless, liquid").

Assuming, *arguendo*, that defendants violated G.S. § 119-43, we recognize that such a violation is negligence *per se. See Reynolds*, 241 N.C. at 63, 84 S.E.2d at 275. We must still determine, however, whether such negligence "was the *proximate cause* of the injury for which recovery is sought." *Id.* (emphasis added). An allegation that certain negligence was the proximate cause of an injury is sufficient against a motion to dismiss under Rule 12(b)(6) "unless it appears affirmatively from the complaint that there was no causal connection between the alleged negligence and the injury." *Id.* at 64, 84 S.E.2d at 275-76.

In this case, we find no causal connection between the defendants' allegedly selling the gasoline into an antifreeze container in violation of G.S. § 119-43, and the criminal acts of dousing and burning plaintiff's brother. Clearly, criminal activity is not the type of harm that the safety provisions were designed to protect against. The tragic consequences in this case did not "flow" from the sale of gasoline into an unapproved container. *See Reynolds*, 241 N.C. at 64, 84 S.E.2d at 276.

We hold that the intervening actions in this case, as set forth in paragraph 9 of plaintiff's complaint, supersede and completely insulate the alleged negligence of defendants. The complaint on its face reveals the absence of proximate cause between defendants' alleged negligence and the burning of Walid Al-Hourani, which establishes an insurmountable bar to recovery and necessarily defeats plaintiff's claim.

**[2]** Defendants assert several "cross-assignments of error," which they contend are properly before this Court. We disagree.

Rule 10(d) of the North Carolina Rules of Appellate Procedure provides:

> Without taking an appeal an appellee may cross-assign as error any action or omission of the trial court which was properly preserved for appellate review and which *deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.*

(Emphasis added.) Defendants' "cross-assignments of error" allege that the trial court erred in granting plaintiff's post-judgment motion to extend time to settle the record on appeal and in denying defendants' motion to dismiss the appeal.

Although defendants properly preserved their objections for appellate review by filing notices of appeal, the errors alleged do not assert an alternative basis in law to support the dismissal from which plaintiff appeals. Rather, defendant's "cross-assignments of error" address the trial court's post-judgment orders relating to plaintiff's appeal. Indeed, defendants contend that the alternative basis for dismissal of plaintiff's complaint is that the "appeal was not prosecuted in a timely manner." This argument lacks logic or merit. Defendants have asserted no alternative basis to support dismissal of plaintiff's action, and the errors they allege are not properly before this Court. We therefore decline to address them.

Affirmed.

Judges MARTIN, John C. and SMITH concur.