An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-994

Filed 6 May 2026

Durham County, No. 24CV010360-310

GARRY  YARBOROUGH, Plaintiff,

v.

LISA ANDERSON WILLIAMS, Defendant.

Appeal by Plaintiff from an order entered 13 June 2025 by Judge Carol A. Jones in Durham County District Court.  Heard in the Court of Appeals 24 March 2026.

>  *Garry Artist Yarborough, pro se, plaintiff-appellant.*
>
>  *Lisa Anderson Williams, pro se, defendant-appellee.*

WOOD, Judge.

Garry Artist Yarborough ("Plaintiff") appeals from an order entered 13 June 2025 granting Lisa Anderson Williams' ("Defendant") motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  On appeal, Defendant contends the trial court erred by granting the motion to dismiss.  After careful review of the record, we affirm the trial court's order.

## I.    Factual and Procedural Background

On 9 July 2018, Plaintiff was tried and convicted in Franklin County Superior Court of first-degree murder, first-degree kidnapping, assault with a deadly weapon inflicting serious injury, assault with a deadly weapon with intent to kill, discharging a firearm into occupied property, felony breaking and entering, and possession of a firearm by a felon.  The charges stemmed from the events of 17 July 2015 during which Plaintiff shot and killed Tracy Williams then forced his way into Kim Elmore's home at gun point to force her to treat a gunshot wound he sustained during his altercation with Williams.

Plaintiff appealed his criminal convictions to this Court, and on 21 April 2020, another panel of this Court held there was no prejudicial error in the trial court but dismissed Plaintiff's ineffective assistance of counsel ("IAC") claim without prejudice to allow him to file a motion for appropriate relief ("MAR") in the trial court.  *State v. Yarborough*, 271 N.C. App. 159, 172, 843 S.E.2d 454, 463 (2020).

In his claim for IAC, Plaintiff argued his trial counsel provided ineffective assistance by failing to make a motion to sever the charges concerning Williams from those concerning Elmore prior to the close of the State's evidence as required by N.C. Gen. Stat. §§ 15A-927(a)(1)-(2).  Instead, defense counsel merely objected to the motion to join.  Because a defendant waives his right to severance if the motion is not made on time, the issue was not reviewable on appeal.

After this Court issued its opinion, Plaintiff appealed to the Supreme Court for discretionary review and reached out to Defendant, a known appellate attorney, on 20 July 2020 concerning post-conviction representation. Defendant agreed to represent Plaintiff for a fee of $10,000.00, which included investigating the matter, reading the complete record, filing the MAR, and representing him at the evidentiary hearing if one were granted. Plaintiff's girlfriend, Lakeisha Taylor ("Taylor") paid Defendant $4,999.99 via Venmo and another person paid the remaining $5,000.00 via PayPal to Defendant on Plaintiff's behalf.

On 15 December 2020, the Supreme Court denied Plaintiff's Petition for Discretionary Review. *State v. Yarborough*, 376 N.C. 540, 851 S.E.2d 373 (2020). Thereafter, on 18 December 2020, Plaintiff contacted Defendant via three-way calling, informed her of the denial, and requested that she proceed with his representation for the MAR.

In January 2021, Plaintiff contacted Defendant about hiring a private investigator to investigate possible jury misconduct and Franklin County Clerk of Court Patricia Chastain who had been removed from office in 2020 for misconduct. Plaintiff arranged payment in the amount of $1,500.00 to Defendant for the private investigator through his contacts outside of the jail.

On 26 August 2021, Defendant contacted Taylor and stated that the investigator needed more money to continue working. On 27 August 2021, Taylor paid Defendant another $2,500.00 on Plaintiff's behalf.

On 6 December 2021, Defendant filed the MAR without providing Plaintiff with an opportunity to consult with her or review the document before filing it. Plaintiff requested Taylor get a copy of the motion from the Clerk of Court and mail it to him.

On 4 January 2022, Plaintiff received the copy of the MAR including attached affidavits from his trial counsel attesting to their failure to sever the cases. Plaintiff was upset after reviewing the filing because, in his opinion, the MAR would not pass the test set forth in *Strickland* as required in IAC claims. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Plaintiff attempted to contact Defendant. When she did not respond to his calls, he requested Taylor contact Defendant to request that she amend the MAR. Defendant responded to Taylor's contact but refused to make the requested amendment.

On 13 January 2022, Plaintiff filed a *pro se* Motion for Extension to amend his MAR. On 25 January 2022, Defendant filed a Motion to Withdraw. On 27 January 2022, over Plaintiff's objection, the trial court granted Defendant's Motion to Withdraw.

On 18 November 2024, Plaintiff filed this claim for breach of contract and gross negligence. On 20 January 2025, Defendant filed an Answer and a Motion to Dismiss pursuant to Rule 12(b)(6). On 20 March 2025, Plaintiff filed a Motion to Compel asking the court to require Defendant to follow Rule 5 and to serve him in jail, which he contended was not occurring. The same day, Plaintiff also filed a Motion to Amend

his complaint. On 11 April 2025, Plaintiff filed a Motion to Withdraw his Motion to Amend and moved to pursue his original complaint.

On 12 June 2025, a hearing was held on Defendant's Motion to Dismiss. On 13 June 2025, the trial court granted Defendant's Motion to Dismiss with prejudice. Plaintiff gave oral notice of appeal in the hearing and filed written notice of appeal on 8 July 2025.

## II.    Analysis

On appeal Plaintiff contends the trial court erred by granting Defendant's motion to dismiss. We disagree.

### A. Motion to Dismiss

"A Rule 12(b)(6) Motion to Dismiss is a motion to dismiss the cause of action for '[f]ailure to state a claim upon which relief can be granted.'" *Hundley v. AutoMoney, Inc.*, 284 N.C. App. 378, 386, 876 S.E.2d 765, 773 (2022) (quoting N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2020)).

> The Motion to Dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted. This court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct. As a general rule, a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in

support of the claim.

*Hundley,* 284 N.C. App. at 387, 876 S.E.2d at 773 (cleaned up).

> A complaint is not sufficient to withstand a motion to dismiss if an insurmountable bar to recovery appears on the face of the complaint.  Such an insurmountable bar may consist of an absence of law to support a claim, an absence of facts sufficient to make a good claim, or the disclosure of some   fact   that   necessarily   defeats   the   claim.

*Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997).

**1. Breach of Contract**

To prevail on a claim for breach of contract, a party must show: "(1) existence of a valid contract; and (2) breach of the terms of that contract."  *Poor v. Hill,* 138 N.C.App. 19, 26, 530 S.E.2d 838, 843 (2000).

Plaintiff's claim states that according to the oral contract between Plaintiff and Defendant, Defendant agreed to represent Plaintiff, including investigating the matter, reading the complete record, filing the MAR, and representing him at the evidentiary hearing if needed in exchange for $10,000.00.  Plaintiff  contends she breached the contract by: (1) filing a sabotaged MAR; (2) not amending the MAR and withdrawing; and (3) not retrieving the remaining balance from the private investigator.

On the face of his claim Defendant does not allege Plaintiff failed to investigate or read the file, and he acknowledges the fact that Plaintiff did file an MAR as agreed. The MAR, along with two affidavits from trial counsel outlining his failure to pursue

the severance issue, and their opinion that Plaintiff was prejudiced by this failure was included in the complaint. Plaintiff contends the MAR was sabotaged, but the trial court determined the filed MAR was appropriate and sufficient to take the matter to hearing. Additionally, there is nothing in the contract that required Defendant to follow all directives of the Plaintiff including the demand to amend the MAR, rather she was obligated to use her professional training, expertise, and judgment to diligently represent Plaintiff, which she did by filing the MAR which the trial court deemed appropriate. *See Rorrer v. Cooke*, 313 N.C. 338, 341, 329 S.E.2d 355, 358 (1985). Significantly, even after the subsequent court appointed attorney amended the MAR to include the caselaw Plaintiff had requested, the trial court still denied the MAR.

The only unfulfilled contract element that remained was representation at the evidentiary hearing. However, after Plaintiff filed *pro se* motions, separate and apart from Defendant's representation, Defendant refunded $5,000.00 and filed a motion to withdraw. Franklin County Superior Court determined a conflict of interest had arisen and granted Defendant's motion to withdraw notwithstanding Plaintiff's desire for Defendant to continue representation. Therefore, Defendant was unable to fulfill the final element due to Plaintiff's own behavior. Plaintiff then brought a fee dispute against Defendant with the North Carolina State Bar which did not result in further refund to Plaintiff.

Finally, Plaintiff contends that Defendant breached the contract by failing to

retrieve a balance Plaintiff felt was owed to him by Bob Boykin, a private investigator. However, in his complaint, Plaintiff alleged the implied in fact contract between the parties was for post-conviction representation including investigating the matter, reading the complete record, filing the MAR, and representing Plaintiff if a hearing were granted. Retrieving money from other service providers was not listed as a duty under the contract. "[A]n attorney's duty to a client is [ ] determined by the nature of the services he agreed to perform." *Hargett v. Holland*, 337 N.C. 651, 656, 447 S.E.2d 784, 788 (1994). Plaintiff does not allege Defendant agreed to manage his investigator or his monetary affairs; therefore, Defendant could not have breached the contract by failing to retrieve the money as she was not obligated to do so.

Based on the facts alleged in Plaintiff's complaint and the legally sufficient MAR attached to it, Defendant complied with all contractual obligations until Plaintiff's own behavior created a conflict of interest for which the trial court granted Defendant's withdrawal. Therefore, the trial court did not err in dismissing Plaintiff's claim for breach of contract.

**2. Gross Negligence**

"Gross negligence is willful and wanton negligence." *McCauley v. Thomas*, 242 N.C. App. 82, 89, 774 S.E.2d 421, 426 (2015).

> An act is wanton when it is done of wicked purpose or when done needlessly, manifesting a reckless indifference to the rights of others. An act is wilful (sic) when there exists a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, a duty

assumed    by    contract    or    imposed    by    law.

*Lovett v. Univ. Place Owner's Ass'n,* 285 N.C. App. 366, 369, 877 S.E.2d 447, 449 (2022) (quoting *Boyd v. L.G. DeWitt Trucking Co.*, 103 N.C. App. 396, 402, 405 S.E.2d 914, 918 (1991)).  Plaintiff contends Defendant was grossly negligent by intentionally sabotaging Plaintiff's MAR because Defendant owed him a duty of diligence in representation.  However, the trial court deemed the MAR attached to the complaint sufficient and appropriate to take the matter to hearing.  We conclude Defendant neither "sabotaged the MAR" nor was grossly negligent in Plaintiff's representation. Rather, Defendant fulfilled her contractual obligations until Plaintiff's *pro se* filings created a conflict of interest that prevented her continued representation of Plaintiff.

Because the MAR was sufficient and appropriate, the record does not support a claim for gross negligence.  The trial court did not err in dismissing Plaintiff's claim for gross negligence.

### III.    Conclusion

The trial court correctly granted Defendant's motion to dismiss as the allegations in Plaintiff's complaint did not support a breach of contract or gross negligence claim.  Therefore, we affirm the trial court's order granting Defendant's motion to dismiss.

AFFIRMED.

Chief Judge DILLON and Judge GRIFFIN concur.

Report per Rule 30(e).