R. A. BARRINGER ET AL. v. JOHN FOGGART.

(Filed 12 December, 1917.)

1. **Appeal and Error—Issues—Objections and Exceptions.**

   Where the issues present every contested matter arising from the pleadings, an exception to the issues will not be sustained.

2. **Appeal and Error—Trials—Pleadings—Amendments—Cause Retained—Counter-claim.**

   Where the defendant fails to plead a counter-claim to plaintiff's action, and after adverse verdict, an amendment is permitted for that purpose and the cause retained and tried at a subsequent term before another judge, with adverse verdict and judgment against the defendant, he cannot complain that the cause had been retained and subsequently tried, since it cures the error, if any, of the refusal to submit an issue as to the counter-claim on the first trial.

CIVIL ACTION, tried before *Carter, J.,* at August Term, 1916, of CABARRUS, upon these issues:

1. Are the plaintiffs the owners and entitled to the possession of the property, wheat and oats, as alleged in the complaint? Answer: Yes.

2. What is the value of the property seized? Answer: $92.50.

The court rendered judgment against defendant for the possession of the property and its value, $92.50. The court then allowed defendant to file an amended answer, setting up a counter-claim against plaintiff for damages arising out of a breach of the contract by plaintiff and retained the cause for the trial of the issues thus raised. These issues were tried before Justice, Judge, at April Term, 1917, and are as follows:

1. Did the plaintiffs fail to perform their part of the contract? Answer: No.

2. What damage, if any, is defendant Foggart entitled to recover of plaintiffs for failure to perform their part of contract? Answer: $........

Whereupon the court rendered judgment that defendant recover nothing, and that defendant pay the costs. From these judgments the defendant appealed.

*L. T. Hartsell and M. H. Caldwell for plaintiffs.*
*H. S. Williams and J. L. Crowell for defendant.*

PER CURIAM.  After a careful examination of the record, we fail to find any reversible error in the trial of the issues by either of the judges who tried them.  The exception to the issues cannot be sustained.  They present every contested matter presented by the pleadings.  That Judge Carter did not render a final judgment, but permitted defendant to amend his answer and set up a counter-claim, is a matter of which the defendant cannot complain, since it cures any previous error in refusing to submit such issue.  This counter-claim was fairly submitted to the jury at a subsequent term by Judge Justice and found against defendant.  None of the assignments of error are directed to trial of the counter-claim.

Upon the whole record, we find

No error.