ALTON WILLIAM OTTINGER v. SIDNEY ANDREW CHRONISTER, ROBERT MICHAEL BILES, ROBERT JUNIOR BILES, WOODWARD SPECIALTY SALES, INC.

No. 7127SC653

(Filed 15 December 1971)

1. **Torts § 7— abolishment of distinction between release and covenant not to sue**

    The Uniform Contribution Among Tortfeasors Act (G.S. 1B-4), which abolished the distinction between a release and a covenant not to sue, does not apply to litigation pending on 1 January 1968.

2. **Torts § 2— joint tort-feasors — single cause of action**

    For an injury by joint tort-feasors, there is a single cause of action for all damages, and there can be only one recovery and satisfaction.

3. **Torts § 7— covenant not to sue one joint tort-feasor — consent judgment of nonsuit — release barring action against other tort-feasor**

    Where plaintiff instituted an action against alleged joint tort-feasors prior to 1 January 1968, plaintiff, for a consideration of $5,000, thereafter executed a covenant not to sue one tort-feasor which reserved plaintiff's right to proceed against other tort-feasors, and pursuant thereto a consent judgment was entered in which plaintiff took a voluntary nonsuit with prejudice as to the tort-feasor plaintiff had covenanted not to sue, it *was held* that the consent judgment extinguished plaintiff's cause of action and constituted a release barring

the right to maintain the action against the other tort-feasor, notwithstanding the intent of the parties and the provision attemping to reserve the right of action against other tort-feasors.

APPEAL by plaintiff from *Anglin, Judge,* 17 May 1971 Session, Superior Court of GASTON County.

Plaintiff, Alton William Ottinger, was injured by the alleged concurrent negligence of Sidney Andrew Chronister and Robert Michael Biles. About 9:15 p.m. on 9 July 1966 plaintiff was a passenger in an automobile owned and being operated by Chronister, an employee of Woodward Specialty Sales, Inc. (Woodward). The defendant, Robert Michael Biles, was operating an automobile owned by his father, Robert Junior Biles, when the two cars collided at the intersection of N.C. Highway 49 and Rural Paved Road 1578 in Stanly County near Richfield. On 21 November 1966 the plaintiff instituted this action against Sidney Andrew Chronister, Woodward Specialty Sales, Inc., Robert Michael Biles, and Robert Junior Biles as guardian ad litem for his minor son.

On 27 April 1968 plaintiff executed a document entitled "Covenant Not to Sue", denominated in the notary's certificate as a "release." By the terms of this document plaintiff acknowledged the receipt of $5,000 and agreed: "to refrain forever from commencing, instituting, procuring, pressing, permitting, continuing, or in any way aiding any claim, suit, action, cause of action or proceeding by or on behalf of myself against Robert Junior Biles or Robert Michael Biles and all persons, firms and corporations which might be liable for the acts of the aforesaid parties, for damages, costs or expenses, including all claims for damages for personal injuries, medical expenses and pain and suffering on account of or arising out of an accident which occurred in Stanly County, North Carolina at or near the intersection of North Carolina Highway 49 and Rural Paved Road 1578 on or about July 9, 1966 involving a motor vehicle owned by Robert Junior Biles and driven by Robert Michael Biles and an automobile driven by Sidney Andrew Chronister in which I was a passenger." The document concluded by "expressly reserving to the undersigned (plaintiff), however, all rights to proceed against Sidney Andrew Chronister, Woodward Specialty Sales, Inc. or any other person, firm or corporation other than the parties aforesaid for all claims, demands, loss and expense and causes of action arising out of the aforesaid accident."

As a result of that agreement the following order was entered by the Clerk of Gaston Superior Court on 6 May 1968:

"THIS CAUSE coming on to be heard before the undersigned Clerk of Superior Court for Gaston County, North Carolina, and it appearing to the Court that the plaintiff desires to take a voluntary nonsuit as to the defendants Robert Michael Biles and Robert Junior Biles *with prejudice* to the plaintiff's right to pursue his action against them further;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that this action as to the defendants Robert Michael Biles and Robert Junior Biles be, and it hereby is, dismissed." (Emphasis added.)

On 24 June 1968, a motion by defendants Chronister and Woodward was allowed permitting them to amend their answers. The answers as amended alleged that the entry of a judgment releasing one joint tort-feasor releases all; that the judgment of nonsuit entered 6 May 1968 constituted a release of defendants Biles; that the release of defendants Biles constituted a plea in bar to recovery from defendants Chronister and Woodward; and that for these reasons, the plaintiff's action against Chronister and Woodward should be dismissed. Plaintiff, by way of reply, admitted that he executed a paper writing entitled "Covenant Not to Sue" for which he was paid $5,000 and that a judgment of nonsuit was entered 6 May 1968. In his reply, however, plaintiff denied that the judgment of nonsuit constituted a "release" of Robert Michael Biles and Robert Junior Biles.

At a hearing held 20 May 1971, the court made the following conclusions of law, to each of which plaintiff excepted:

"1. That the judgment agreed upon between the plaintiff, his counsel, and counsel for the defendants Biles, dismisses the cause of action and withdraws the same 'with prejudice' to the plaintiff's right to pursue his action against the defendants Biles and that said judgment dismisses the cause of action.

2. That the cause of action is single and indivisible and that said judgment and acceptance of the sum of $5,000.00 amounts to a relinquishment of plaintiff's claim and right of action against the defendants Biles and releases the

defendants, Sidney Andrew Chronister and Woodward Specialty Sales, Inc."

Plaintiff appeals the entry of the order allowing the plea in bar and dismissing the action against defendants Chronister and Woodward.

*Childers and Fowler, by Henry L. Fowler, Jr., for plaintiff appellant.*

*Mullen, Holland and Harrell, by James Mullen, and Hollowell, Stott and Hollowell, by Grady B. Stott, for defendant appellees.*

MORRIS, Judge.

The sole question for determination on this appeal is whether the transactions in question constitute in law a release so as to bar the prosecution of the action against the defendants Sidney Andrew Chronister and Woodward Specialty Sales, Inc.

[1] The Uniform Contribution Among Tortfeasors Act (G.S. 1B-4) abolishes the distinction between a release and a covenant not to sue. Unfortunately for the plaintiff in this case, the Act did not become effective until 1 January 1968, and does not apply to litigation pending at that time. This action was instituted 21 November 1966, and was, therefore, "pending litigation" on the effective date of the Act. *Simmons v. Wilder,* 6 N.C. App. 179, 169 S.E. 2d 480 (1969). Thus in this case, the distinction between a covenant not to sue and a release is critical.

> "Legal principles pertinent to decision on this appeal are summarized by Moore, J., in *McNair v. Goodwin,* 262 N.C. 1, 136 S.E. 2d 218, as follows: 'A valid release of one of several joint tortfeasors releases all and is a bar to a suit against any of them for the same injury. This is true for the reasons that the injured party is entitled to but one satisfaction, the cause of action is indivisible, and the release operates to extinguish the cause of action. (Citations omitted.) But a covenant not to sue does not release and extinguish the cause of action, and the cause of action may be maintained against the remaining tort-feasors notwithstanding the covenant. (Citations omitted.) The remaining tort-feasors are entitled, however, to have the amount paid for the covenant credited on any judgment thereafter ob-

tained against them by the injured party. (Citations omitted.)' " *Thrift v. Trethewey,* 272 N.C. 692, 695, 158 S.E. 2d 777, 779 (1968).

The facts of the present case appear to be indistinguishable from the case of *Simpson v. Plyler,* 258 N.C. 390, 128 S.E. 2d 843 (1963), wherein the above legal principles were applied. In *Simpson,* the plaintiff executed a document purporting to be a covenant not to sue administratrix but reserving the right to sue the corporate defendant. Thereafter, pursuant to said covenant, a consent judgment was entered terminating plaintiff's cause of action against the administratrix upon payment of $3500. A document labeled "Satisfaction of Judgment" purported to reserve plaintiff's cause of action against the corporate defendant. The corporate defendant's amended answer alleged, however, that the transaction was a "release." A jury found the transaction to be a covenant not to sue, but the court set the verdict aside. At a new trial, the court found that the agreement, judgment and satisfaction of judgment constituted a release and dismissed plaintiff's action against the corporate defendant. On appeal to the North Carolina Supreme Court, the judgment dismissing plaintiff's cause of action was affirmed.

> "If it appears from the instrument that covenantor has discharged his cause of action against the covenantee, a joint tort-feasor, it is not a matter for construction, all joint tort-feasors are released. (Citations omitted.) The crucial question, in determining whether an instrument is a release or a covenant not to sue, is whether the cause of action has been extinguished. The cause of action is single, indivisible and non-apportionable. Once it is extinguished it has no further vitality. A holding otherwise would abolish the release rule altogether and ignore the basis upon which the rule rests." *Simpson v. Plyler, supra,* at p. 395.

[2, 3] In the present case, the clear intent of the plaintiff was to reserve his cause of action against Chronister and Woodward. Nevertheless, the Court said in *Simpson* that:

> "The recitals of the parties are not controlling. (Citations omitted.) Where the language of the instrument is so comprehensive and inclusive that it amounts to a relinquishment of the injured person's claim and right of action against a joint tort-feasor, or where the instrument ex-

pressly provides that it shall be a defense and bar to the former's cause of action against the latter, all of the joint tort-feasors are released. This is true even if the instrument purports to save and reserve the cause of action against the other wrongdoers." *Simpson v. Plyler, supra,* at pp. 394, 395.

For an injury by joint tort-feasors, there is a single cause of action for all damages, and there may be only one recovery and satisfaction. *Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209 (1961). The cause of action is single and indivisible. *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909 (1955). Plaintiff extinguished the "single and indivisible" cause of action against all four defendants when he consented to the judgment of dismissal "with prejudice" to his right to pursue his action further against defendants Biles. The legal import of the words "with prejudice" as applied to a judgment of dismissal is to terminate the action operating as res judicata and barring any further prosecution by the plaintiff of the same cause of action. 46 Am. Jur. 2d, § 482, p. 645; 149 A.L.R. 625-630.

Plaintiff urges on appeal that the words "with prejudice" do not appear in the effective portion of the order and that the action is merely dismissed, not dismissed "with prejudice." We find no merit in this contention. Nor do we agree with plaintiff's theory that dismissal of plaintiff's "action" is not synonymous with dismissal of the "cause of action."

Since we are of the opinion that the case is controlled by *Simpson v. Plyler, supra,* the judgment must be

Affirmed.

Judges PARKER and GRAHAM concur.