HADLEY NEWGENT, Administrator of the Estate of JOSEPH LEVI NEWGENT, Deceased Minor v. BUNCOMBE COUNTY BOARD OF EDUCATION

No. 249A94

(Filed 7 April 1995)

**State § 53 (NCI4th)— death of child crossing road to catch school bus—negligent acts of bus driver—jurisdiction of Industrial Commission**

For the reasons stated in the dissenting opinion in the Court of Appeals, the Supreme Court reverses a decision of the Court of Appeals affirming an order of the Industrial Commission dismissing for lack of jurisdiction plaintiff's tort claim to recover for the death of a child who was struck and killed when attempting to cross the highway to await the arrival of his school bus on the ground that the bus driver was not operating the bus in the course of her employment at the time of her alleged negligent acts, which included not reporting to the principal that the stop had limited visibility and that she could stop and pick up students on the other side of the highway, and failing to inform the principal or the child's parents that she had seen the child previously cross the highway by himself.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 577 et seq.**

**Tort liability of public schools and institutions of higher learning for accidents associated with transportation of students. 23 ALR5th 1.**

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 114 N.C. App. 407, 442 S.E.2d 158 (1994), affirming an Order of the North Carolina Industrial Commission, filed 12 April 1993, dismissing for lack of jurisdiction plaintiff's action under the State Tort Claims Act against defendant, Buncombe County Board of Education. Heard in the Supreme Court 14 March 1995.

*Long, Parker & Payne, P.A., by Ronald K. Payne, for plaintiff-appellant.*

*Michael F. Easley, Attorney General, by Richard L. Griffin, Assistant Attorney General, for defendant-appellee.*

STATE v. CANNADA

[340 N.C. 101 (1995)]

PER CURIAM.

For the reasons stated in the dissenting opinion by Judge Orr (now Justice Orr), the decision of the Court of Appeals is reversed; and the action is remanded to the Court of Appeals for further remand to the Industrial Commission.

REVERSED AND REMANDED.

Justice ORR did not participate in the consideration or decision of this case.